# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JESSIE EDWARD BRAMBER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:23-cv-405-JDK-JDL |
| § | |
| OFFICER JHON TUPAC, § | |
| § | |
| Defendant. § | |

## ORDER OF DISMISSAL

Plaintiff Jessie Bramber, proceeding pro se, filed the above-styled and numbered civil rights lawsuit complaining of alleged deprivations of his constitutional rights. The case was referred to United States Magistrate Judge John D. Love in accordance with 28 U.S.C. § 636.

The Magistrate Judge ordered the Defendant to answer, and the Attorney General for the State of Texas filed a notice stating that they had not received a request for representation from the Defendant. The Attorney General advised the Court that after a search of TDCJ's records, there was no officer, past or present, by the name of "Jhon Tupac," including misnomers and misspellings. The Attorney General asked that the lawsuit be dismissed because there was no defendant.

On March 19, 2024, the Magistrate Judge ordered Plaintiff to file an amended complaint, including a name and address for the defendant or any other identifying characteristics such as nicknames, a physical description, rank, title, or shift, which

would enable the Attorney General to locate him. Docket No. 17. The Magistrate Judge advised Plaintiff that failure to comply with this order could result in the dismissal of the lawsuit. *Id.* at 3. To date, Plaintiff has not complied with this order, nor has he responded in any way.

After giving Plaintiff ample time to comply, the Magistrate Judge issued a Report on November 25, 2024, recommending that the lawsuit be dismissed without prejudice. Docket No. 18. Plaintiff received a copy of this Report on December 16, 2024, but has filed no objections.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not file objections in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. The Court therefore adopts the Report and Recommendation of the United States Magistrate Judge as the findings of this Court.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 18) be **ADOPTED**. The above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court, and failure to identify the Defendant or provide an address for service. All pending motions are **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **3rd** day of **February, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE